IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. HILL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:13-cv-32-MEF-SRW |
| | ) |
| | ) JURY DEMAND |
| OCWEN MORTGAGE COMPANY, | ) |
| LLC, TRANS UNION LLC, and | ) |
| EQUIFAX INFORMATION SERVICES | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and states his Complaint against the Defendants as follows:

### PARTIES

1. Plaintiff William S. Hill, Jr. is a resident of Lee County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Lee County, Alabama at all times material to this Complaint.

3. Defendant Trans Union LLC (hereinafter "TU") is a Delaware corporation with its principal place of business located in Chicago, Illinois and was doing business in Lee County, Alabama at all times material to this Complaint.

4. Defendant Ocwen Mortgage Company, LLC (hereinafter "Ocwen") is registered in Delaware with its principal place of business located in West Palm Beach, Florida and was doing business in Lee County, Alabama at all times material to this Complaint.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

6. Plaintiff William S. Hill, Jr. is a "consumer" as defined and contemplated under 15 U.S.C. §1681a(b) and (c) of the Fair Credit Reporting Act ("FCRA").

7. In or around April or May, 2011, Plaintiff satisfied and paid in full his mortgage with Defendant Ocwen.

8. Sometime after Plaintiff satisfied and paid in full his mortgage with Defendant Ocwen, Plaintiff was caused to attempt to obtain credit, and in so doing learned that the Ocwen mortgage was being inaccurately reported on his credit reports as the Ocwen mortgage was not being reported as paid in full and satisfied.

9. Upon learning of the inaccurate credit reporting of his Ocwen account, Plaintiff contacted Defendant Ocwen about the inaccurate reporting and obtained from Ocwen a letter stating that the Ocwen mortgage had, in fact, been paid off and satisfied and that the release of mortgage had been filed.

10. Thereafter, Plaintiff contacted all Defendants, Equifax, Ocwen and TU by correspondence and informed each one of the Defendants the Ocwen information in his credit file and showing on his credit reports to third parties was inaccurate and causing him to be denied credit and/or pay higher interest rates for credit and other items.

11. In or around August, 2012, Plaintiff sent dispute letters to Defendants Equifax and

TU, each one stating the information showing on his credit reports to third parties from which he was attempting to obtain credit was inaccurately showing the Ocwen mortgage account as in collections, with a balance, and a past due amount currently owing when the mortgage had been paid off and satisfied in or around May, 2011 and further, Plaintiff provided the information from Ocwen showing that the Ocwen mortgage account had been paid off and satisfied.

12. On or about September 18, 2012, Defendant TU issued its results of the reinvestigation in which it failed to correct the Ocwen Mortgage trade line continuing to inaccurately show there was a balance due on the account, that there was a past due amount on the account, and that the inaccurate information would remain on his credit reports until September, 2013.

13. On or about September 17, 2012, Defendant Equifax issued its results of the reinvestigation in which it failed to correct the Ocwen Mortgage trade line continuing to inaccurately show there was a balance due on the account and that there was a past due amount on the account.

14. Defendants Equifax and Trans Union were unconcerned with and did not care about Plaintiff's call for an investigation into the accuracy of his credit report as they had no intention of performing a reasonable investigation. In fact, Defendants Equifax and Trans Union failed to perform any type of reasonable re-investigation.

15. Defendants Equifax and Trans Union are each a consumer reporting agency responsible for conducting a reinvestigation upon receiving a dispute from a consumer regarding information in its credit files concerning the consumer, yet Defendants failed and refused to perform each one's statutorily mandated duties. Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly reinvestigated, the account would have been corrected.

16. Defendants Equifax and Trans Union issued the results of each one's reinvestigation without performing any manner of a reasonable reinvestigation.

17. Defendants Equifax and Trans Union all willfully and purposely failed and refused to perform a reasonable reinvestigation of the disputed trade line and wholly and willfully failed and refused to provide Plaintiff with the proper reinvestigation results.

18. The reports Defendants Equifax and Trans Union issued to Plaintiff and the failure to properly and/or reasonably reinvestigate by Defendants Equifax and Trans Union following Plaintiff's proper dispute under the FCRA shows that each Defendant failed and willfully refused to conduct an adequate and reasonable reinvestigation into Plaintiff's dispute.

19. Defendants Equifax and Trans Union were provided with more than sufficient information in the disputes sent by Plaintiff, including the documents sent by Plaintiff as well as their own internal sources of information, to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

20. Despite Plaintiff's dispute providing Defendants with the information to make his accounts accurate, Defendants Equifax and Trans Union have completely abdicated each one's obligations under federal and state law.

21. Defendants Equifax and Trans Union each has a policy and procedure to fail and refuse to update credit reports of consumers, like Plaintiff, who inform them that their credit file with Defendants contain inaccuracies. Defendants TU and Equifax issued the results of the reinvestigations in which each failed to correct the Ocwen Mortgage trade line continuing to inaccurately show there was a balance due on the account as well as a past due amount on the account.

22. Defendants Equifax and Trans Union notified Defendant Ocwen of Plaintiff's dispute and Defendant Ocwen failed to properly investigate and/or re-investigate these disputes, and if these Defendant Ocwen had properly investigated, the account would have been corrected.

23. Alternatively, Defendants Equifax and Trans Union failed to properly notify Defendant

Ocwen of Plaintiff's disputes.

24.     Defendant Ocwen willfully and purposely failed and refused to perform a reasonable reinvestigation of the disputed trade line resulting in Plaintiff's report not being made accurate, and if this Defendant had properly investigated, the account would have been corrected.

25.     Defendants Equifax, Ocwen, and Trans Union willfully failed and refused to perform a reasonable reinvestigation of the disputed trade lines.

26.     The report Defendants Equifax and Trans Union issued to Plaintiff and the failure to properly and/or reasonably reinvestigate by Defendants Ocwen, Equifax, and Trans Union following Plaintiff's proper dispute under the FCRA shows that Defendants Equifax, Ocwen, and Trans Union failed and willfully refused to conduct an adequate and reasonable re-investigation into Plaintiff's dispute.

27.     Defendants Equifax and Trans Union were provided with more than sufficient information in the dispute, including documents included with the letter by Plaintiff showing the mortgage had been paid off and satisfied, to conduct a reasonable reinvestigation and to conclude that the accounts complained of were being reported incorrectly.

28.     Defendant Ocwen was provided with more than sufficient information in the dispute, and in their own internal sources of information, to conduct a reasonable reinvestigation and to conclude that the account complained of were being reported incorrectly.

29.     Despite Plaintiff's dispute providing all Defendants with the information to make his accounts accurate, including documents provided, Defendants Equifax, Ocwen, and Trans Union have completely abdicated each one's obligations under federal and state law.

30.     Defendants Equifax and Trans Union have a policy to favor the paying customer, such as subscribers like Defendant Ocwen, on accounts like the account at issue in this matter, rather than what the consumer says about a debt.

31.     The primary reason for this wrongful policy is that furnishers like Defendant Ocwen provide enormous financial rewards to these Defendants through its subscriber contracts.

32.     The importance of keeping balances on credit reports is that Defendants Equifax and Trans Union understands that one of the most powerful methods furnishers have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

33.     Defendants Equifax and Trans Union have a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when no balance is owed.

34.     Defendants TU and Equifax promise through its subscriber agreements or contracts to have its subscribers accurately update accounts but Defendants have willfully, maliciously, or recklessly, failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

35.     Defendant Ocwen promises through the subscriber agreements or contracts to accurately update accounts but Defendant Ocwen has willfully, maliciously, or recklessly, failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports

36.     Defendants Equifax and Trans Union had a duty, and has a duty through the subscriber agreements to accurately report the trade lines on its credit reports, and this duty was breached in a reckless, willful, intentional, and/or malicious manner.

37.     Defendant Ocwen had a duty, and has a duty through the subscriber agreements to

accurately report the trade line information to Defendants Equifax and Trans Union for the credit reports, and this duty was breached in a reckless, willful, intentional, and/or malicious manner

38. Defendants Equifax and Trans Union has a policy and/or practice to allow its subscribers to "park" accounts on consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

39. In parking or allowing the parking of an account, Defendants Equifax and Trans Union each know it is violating its obligations and duties under federal and state law to accurately report the account and the balance.

40. Defendants Equifax and Trans Union know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendant's actions with the goal to force the Plaintiff to pay on an account he does not owe.

41. Defendants Equifax and Trans Union maliciously, willfully, intentionally, and/or recklessly failed to review the information provided in the disputes along with what was already in their files and to conduct a reasonable re-investigation into Plaintiff's disputes.

42. At all relevant times Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

43. Defendant Ocwen failed to maintain and failed to follow reasonable procedures to assure

maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44. All the violations in the preceding paragraphs occurred before, during, and after the dispute process began with the consumer reporting agencies.

45. Defendants Ocwen, Equifax, and Trans Union have failed to maintain Plaintiff's accounts with maximum accuracy and has failed to properly re-investigate the accounts in response to the disputes made by Plaintiff.

46. The conduct of the Defendants Ocwen, Equifax, and Trans Union have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

47. It is a practice of Defendants Ocwen, Equifax, and Trans Union to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

48. All actions taken by employees, agents, servants, or representatives of any type for Defendants Ocwen, Equifax, and Trans Union were taken in the line and scope of such individuals (or entities') employment, agency or representation.

49. All actions taken by Defendants Ocwen, Equifax, and Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

50. Defendants Ocwen, Equifax, and Trans Union, have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

51. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

52. Defendants Equifax and Trans Union are each a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

53. Defendant Ocwen is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

54. Plaintiff is a "consumers" or "persons," as defined and contemplated under the FCRA in 15 U.S.C. § 1681a(b) and (c).

55. Plaintiff disputed with Defendants Equifax and Trans Union the Ocwen account as further stated in this Complaint, for completeness, accuracy, and the fact it should not be on there at all as it was paid more than a year prior.

56. Plaintiff notified Defendants Equifax and Trans Union directly of a dispute on the accounts of Defendant Ocwen about the account's completeness and/or accuracy, as reported.

57. Plaintiff alleges that Defendants Ocwen, Equifax, and Trans Union failed to conduct a

proper, reasonable and lawful investigation and/or reinvestigation. These failures by Defendant Ocwen are violations of 15 U.S.C. 1681s-2(b).

58. Defendants Equifax, Experian, and Trans Union also failed to provide a proper consumer disclosure in violation of 15 U.S.C. §1681i.

59. The credit reporting agencies, Defendants Equifax, and Trans Union, failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly re-investigate Plaintiff's disputes.

60. Plaintiff alleges that at all relevant times Defendants Ocwen, Equifax, and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with regard to the accounts in question in violation of 15 U.S.C. §1681e(b).

61. Plaintiff alleges that Defendants Equifax and Trans Union failed to conduct a proper, reasonable and lawful reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. §1681i.

62. Defendants were given notice the account was being reported inaccurately but apparently failed to review the information in Plaintiff's dispute, their internal file, and/or other proper and reasonable measures. All actions taken by Defendants Ocwen, Equifax, and Trans Union were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

63. The FCRA violations of Defendants Ocwen, Equifax, and Trans Union proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered

a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Ocwen, Equifax, and Trans Union, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury, and the costs and expenses of this proceeding.

## COUNT II
## DEFAMATION

64. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

65. Defendants Ocwen, Equifax, and Trans Union published false information about Plaintiff by inaccurately reporting the accounts enumerated in this Complaint to one or more persons or entities. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendants.

66. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

67. Plaintiff has been damaged as a proximate result of Defendants' Ocwen, Equifax, and Trans Union wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered

actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Ocwen, Equifax, and Trans Union, jointly and severally, for compensatory and punitive damages in the amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III
## INVASION OF PRIVACY

68. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

69. Defendants Ocwen, Equifax, and Trans Union recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

70. Plaintiff has been damaged as a proximate result of Defendants Ocwen, Equifax, and Trans Unions' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Ocwen, Equifax, and Trans Union, jointly and severally, for compensatory and punitive damages in the amount to be determined by

the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

71.  All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

72.  Defendant Ocwen, has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

73.  Defendants Ocwen, Equifax, and Trans Union have agreed to follow and understands it must follow the requirements of the FCRA.

74.  Defendants Ocwen, Equifax, and Trans Union have a duty under Alabama law to act reasonably under the circumstances.

75.  Defendants Ocwen, Equifax, and Trans Union have violated this duty under Alabama law by failing to accurately report Plaintiff's account to third parties.

76.  Defendants Ocwen, Equifax, and Trans Union violated each one's respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

77.  Plaintiff has been damaged as a proximate result of the wrongful conduct of Defendants Ocwen, Equifax, and Trans Union as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and

Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Ocwen, Equifax, and Trans Union, jointly and severally, for actual, compensatory and/or punitive damages in the amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V
## NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

78.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

79.    Defendants Ocwen, Equifax, and Trans Union were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

80.    The employees and/or agents of the Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency when performing an unreasonable reinvestigation, failing to perform a reinvestigation ad/or otherwise handling Plaintiff's account to make sure it was reported accurately on each of his respctive credit reports, were incompetent to perform his/her duties and each Defendant did know, or should have known, of such incompetence.

81.    The negligent or wanton conduct of those employees and/or agents of the Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency by failing to perform reasonable reinvestigations and correct the inaccuracies in Plaintiff's credit reports lead to the Plaintiff's accounts at issue in this matter being reported inaccurately on his credit reports.

82. Plaintiff has been damaged as a proximate result of the wrongful conduct of Defendants Ocwen, Equifax, and Trans Union as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Ocwen, Equifax, and Trans Union, jointly and severally, for actual, compensatory and/or punitive damages in the amount to be determined by the trier of fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

83. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

84. Defendant Ocwen violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money; and

   b. Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Ocwen is not entitled to collect upon.

85. The violations of the FDCPA by the Defendant Ocwen is the proximate cause of

Plaintiff's injuries under the FDCPA due to Defendant Ocwen's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Ocwen for statutory, actual, compensatory and/or punitive damages, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.

/s/ Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

/s/ Wesley L. Phillips
OF COUNSEL

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Ocwen Mortgage Company, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S Perry Street
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union LLC
150 S Perry Street
Montgomery, Alabama 36104